UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONALD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-00077-JRG-CRW |
| | ) | |
| GREENE COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, an inmate in the Greene County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.    FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is a Greene County prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37742 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Complaint Allegations**

On February 26, 2020, Plaintiff "was cutting blocks and bricks out of the wall behind the workhouse on Sumner Street with a 7" Bos[c]h Grinder with a mason[]ry blade on it and the saw came out of the wall and hit [him] twice" [Doc. 1 at 2–3]. This did severe and permanent damage to the nerves and muscles in Plaintiff's arm [*Id.* at 3]. According to Plaintiff, the grinder did not have a guard on it and was very old [*Id.*]. The "boss on maintenance" had left the premises, and Plaintiff was there with two inmates [*Id.*]. Plaintiff went to the hospital, where he had surgery and was admitted for three or four days, and he was told that he will never again have full use of his arm, which he almost lost [*Id.*]. Plaintiff has been off work since the accident, is now back in jail, has nothing, and is "about to lo[]se [his] home and everything" [*Id.*].

**C. Analysis**

First, the Court applies Tennessee's one-year statute of limitations to Plaintiff's § 1983 claim in this action. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (federal district courts apply a state's statute of limitations to § 1983 claims); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (noting that Tennessee provides one-year statute of limitations for § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of limitations for § 1983 claims). As the incident underlying Plaintiff's complaint occurred on February 26, 2020, which is more than a year before he signed his complaint on April 18, 2021, it appears that the complaint is untimely.

Moreover, even if Plaintiff's complaint were timely, Plaintiff has only sued the Greene County Detention Center [Doc. 1 at 1]. However, this is not a "person" subject to suit under §

3

1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Further, even if the Court could liberally construe Plaintiff's complaint as against Greene County, Plaintiff has failed to set forth any facts from which the Court can plausibly infer that this municipality may be liable for a violation of his constitutional rights under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

Lastly, while the incident underlying Plaintiff's complaint was unfortunate and the Court is sympathetic to his pain and injuries, nothing in Plaintiff's complaint allows the Court to plausibly infer that anyone violated Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

ENTER:

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE